O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELIA RAMIREZ,<br><br>        Plaintiff,<br>   v.<br>HYATT CORPORATION dba HYATT SANTA BARBARA and DOES 1–50, inclusive,<br><br>        Defendants. | Case No. 2:13-cv-00416-ODW (CWx)<br><br>**ORDER REMANDING CASE TO SANTA BARBARA COUNTY SUPERIOR COURT** |

The Court has received Defendant Hyatt Corporation's Notice of Removal. Having carefully considered the papers filed in conjunction with Hyatt's Notice, the Court determines that Hyatt has failed to satisfy its burden to establish federal jurisdiction. The Court must therefore remand this action to the Santa Barbara County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). Hyatt has failed to establish its heavy burden on removal of establishing either complete diversity or the requisite amount in controversy.

For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship."). Hyatt's Notice of Removal alleges in cursory fashion that "[c]omplete diversity of citizenship exists in that plaintiff Evelia Ramirez is a citizen of the State of California and defendant Hyatt Corporation is a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of Illinois." (Not. of Removal ¶ 4.)

But Hyatt does not state its basis for determining that Ramirez is a California citizen, and Ramirez's Complaint alleges only that she "is now, and at all times mentioned in [the] Complaint was, a *resident* of the State of California." (Compl. ¶ 4 (emphasis added.) If this is the basis of Hyatt's citizenship allegations, it is insufficient. While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations are

insufficient to establish citizenship *on removal* in light of the strong presumption against removal jurisdiction.  *See, e.g.*, *Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties. . . . [And] the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."); *Gaus*, 980 F.2d at 567.

Hyatt likewise fails to establish that it is more likely than not the amount in controversy exceeds $75,000.  Where, as here, a plaintiff does not specify a particular damages figure in the state-court complaint, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Evidence the court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

As the proponent of federal jurisdiction, Hyatt bore the duty to establish *by facts or summary-judgment-like evidence*, or both, that it is more likely than not that the amount in controversy exceeds $75,000 in this case.  But instead of rising to this duty, Hyatt merely alleged—without including any additional facts, evidence, or even analogies to similar cases—that the "amount in controversy exceeds $75,000 due to plaintiff's allegations in the complaint."  (Not. of Removal ¶ 5.)  This is patently insufficient to establish a likelihood that the amount in controversy is met in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Because Hyatt fails to meet its high burden on removal to establish either complete diversity between the parties or that the amount in controversy is more likely than not to exceed $75,000, the Court **REMANDS** this case to the Santa Barbara County Superior Court, Case Number 1414984.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 24, 2013

_____
            **HON. OTIS D. WRIGHT, II**
         **UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
Santa Barbara County Superior Court
No. 1414984
```